# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| NATIONAL AUTOMOTIVE AND TRUCK MUSEUM OF THE UNITED STATES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:09-CV-41 |
| RODNEY HOGAN, | ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal, however, elicits concerns regarding the Court's subject matter jurisdiction. As always, subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus the Court now raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3).

In particular, the diversity of the parties is uncertain, since the Notice of Removal does not adequately allege the citizenship of Defendant Rodney Hogan ("Hogan"). Furthermore, the Court questions whether the amount in controversy exceeds $75,000, as required under 28 U.S.C. § 1332(a).

Plaintiff National Automotive and Truck Museum of the United States, Inc., ("the Museum") brought this case in the DeKalb, Indiana, Superior Court on January 7, 2009. (*See* Notice of Removal ¶ 1, Ex. A.) The Museum alleges that Hogan bid on items at the Museum's fundraising auction, purchasing $11,830 in memorabilia and $128,500 in vehicles. (Compl. ¶ 5.) The Museum further alleges that Hogan has only paid $20,000 for one vehicle, leaving a balance

of $120,330. The Museum explains that it still possesses the items Hogan purchased, and requests that the Court "enter a judgment . . . [t]hat the Plaintiff may sell the vehicles purchased by Mr. Hogan at public auction at another public auction." (Compl. 2.) The Museum further asks "[t]hat Rodney Hogan will be responsible for any deficiency balance if the items and vehicles sell for less than the $120,330 that is owed by him[,]" and an "[o]rder that any excess proceeds are the property of the Plaintiff and that the Defendant has abandoned any ownership interest in the items and vehicles as well as the excess proceeds, if any." (Compl. 2.)

Hogan filed a Notice of Removal with this Court on February 11, 2009. (Docket # 2.) To begin, this Notice of Removal is deficient with respect to Defendant Hogan's citizenship, because it merely alleges that he is a resident of the state of Alabama. (Notice of Removal ¶ 2.) This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir.

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).
  Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

2006).

Therefore, the Court must be advised of each party's citizenship, not residency. As to Hogan, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

Next, the Court is concerned that the amount in controversy does not meet the requisite jurisdictional amount. The only asserted basis for subject matter jurisdiction is diversity, which is present only if more than $75,000 is in controversy. 28 U.S.C. § 1332. A party that chooses federal court is required to set out the basis of federal jurisdiction. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). "Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed." *Meridian Sec. Ins. Co.*, 441 F.3d at 543.

"In a suit for injunctive relief, the amount in controversy is measured by the value of the object of the litigation.'" *Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). In the Seventh Circuit, "the object may be valued from either perspective – what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand." *Id*. at 799-800.

Thus, there is diversity jurisdiction in this case if the requested relief (an order permitting the Museum to sell at another auction the vehicles Hogan purchased; requiring Hogan to pay an deficiency balance if necessary; and declaring that excess proceeds, if any, are the Museum's property and that Hogan has abandoned his ownership interest in the items and any proceeds)

could result in either (1) a gain of more than $75,000 to the Museum, or (2) a cost of more than $75,000 to Hogan.

It seems doubtful that the Museum can make either showing. The Museum is essentially requesting a "do-over"; that is, it wants another chance to auction off the items. However, it is difficult to imagine that the Museum is likely to auction the items off for more than $75,000 less than the supposed fair market value established at the first auction, or conversely, that the new bids will exceed Hogan's purchase price by $75,000.[2]

Consequently, the Court, through its authority under Rule 12(h)(3), ORDERS Hogan to submit a brief in support of its assertion that the amount in controversy exceeds $75,000. Hogan has until and including February 25, 2009, to submit his brief.

Furthermore, Hogan is ORDERED to supplement the record forthwith as to his citizenship.

SO ORDERED.

Enter for this 13th day of February, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[2] For example, the appraised value of the items to be sold has not been revealed, or the interval between Hogan's winning bid per item and the next lowest bid.